FILED
MINNEAPOLIS, MINN

**PERSONALLY SERVED**

STATE OF MINNESOTA 13 MAR 27  AM 8:41

DISTRICT COURT

COUNTY OF HENNEPIN          CITY CLERK
                            DEPARTMENT

FOURTH JUDICIAL DISTRICT

Case Type:  Civil Rights

S.S., by and through her
legal guardian and parent,
Phaedra Singleton,

Court File No. _____

              Plaintiff,

v.

**SUMMONS IN A CIVIL ACTION**

Brian Cummings,
Kevin Franek,
and City of Minneapolis;

              Defendants.

TO:   City of Minneapolis
      City Hall, Room 304
      350 South Fifth Street
      Minneapolis, MN 55415

      Brian Cummings
      Kevin Franek
      Addresses unknown

     1. **YOU ARE BEING SUED**. The Plaintiffs have started a lawsuit against
you. The Plaintiffs' Complaint against you is attached to this summons. Do not
throw these papers away. They are official papers that affect your rights.  You
must respond to this lawsuit even though it may not yet be filed with the Court
and there may be no court file number on this summons.

     2. **YOU MUST REPLY WITHIN 20 DAYS TO PROTECT YOUR
RIGHTS**.   You must give or mail to the person who signed this summons **a
written response** called an Answer within 20 days of the date on which you
received this Summons. You must send a copy of your Answer to the person
who signed this summons to the address below.

     3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written
response to the Plaintiff's Complaint. In your Answer you must state whether
you agree or disagree with each paragraph of the Complaint. If you believe the

Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

**4. YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 20 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the complaint. If you do not want to contest the claims stated in the complaint, you do not need to respond. A default judgment can then be entered against you for the relief requested in the complaint.

**5. LEGAL ASSISTANCE.** You may wish to get legal help from a lawyer. If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance. **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

**6. ALTERNATIVE DISPUTE RESOLUTION.** The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice. You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: March 26, 2013

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

STATE OF MINNESOTA                 DISTRICT COURT

COUNTY OF HENNEPIN        FOURTH JUDICIAL DISTRICT

_____

                                                  Case Type:  Civil Rights

S.S., by and through her
legal guardian and parent,
Phaedra Singleton,                    Court File No. _____

         Plaintiff,

v.                                           **COMPLAINT**

Brian Cummings,
Kevin Franek,
and City of Minneapolis;

         Defendants.

_____

## INTRODUCTION

This is yet another case where Minneapolis cops bullied an innocent person.

Defendants Cummings and Franek are Minneapolis police officers who made a promise to the residents of Minneapolis *to protect* and *to serve*.  In exchange for this promise, the City of Minneapolis gave them badges, guns, and the awesome power and authority that come with being police officers.

The officers broke their promises to protect and to serve on the evening of March 6, 2013 when they abused their power to physically bully and terrorize a 115-pound, 15-year-old girl into submission.

## THE PARTIES

1.      Plaintiff S.S. is a 15-year-old girl who currently resides and has resided in the state of Minnesota at all times relevant to this action.

2.      Plaintiff Phaedra Singleton is an adult who currently resides and has resided in Minnesota at all times relevant to this action. She is S.S.'s mother and legal guardian.

3.      Defendants Brian Cummings and Kevin Franek are adults who at all times relevant to the allegations set forth in this Complaint were acting under the color of state law in their capacities as law enforcement officers employed by the City of Minneapolis, Minnesota.  Plaintiff is suing them in their individual capacities.

4.      Defendant City of Minneapolis is a political subdivision of the State of Minnesota.  Minneapolis employed defendants Brian Cummings and Kevin Franek as police officers at all times relevant to this action.  Minneapolis is sued directly and also, on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minnesota Statutes § 466.02 for the unlawful conduct of Officers Brian Cummings and Kevin Franek. Minneapolis is the political subdivision charged with training and supervising law enforcement officers.  Minneapolis has established and implemented, or delegated the responsibility for establishing and implementing policies, practices, procedures, and customs used by law enforcement officers employed by Minneapolis regarding seizures and the use of force. Minneapolis is being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978)

## JURISDICTION AND VENUE

5.      This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and federal and state common law.  This Court has

2

jurisdiction over this matter pursuant to Minn. Stat. § 484.01 *et seq.* and Minnesota common law. Venue lies properly in Hennepin County, Minnesota pursuant to Minn. Stat. § 542.01 *et seq.*, as the events giving rise to this action occurred in Hennepin County.

**GENERAL ALLEGATIONS**

6.      On March 6, 2013 in the late afternoon, S.S. was visiting her friend S.B. at S.B.'s apartment building.

7.      S.B. is 16 years old and lives with her grandmother and younger sister in a unit on the third floor of an apartment building in South Minneapolis.

8.      Shortly before 5 PM, S.S. left S.B.'s unit to wait for her mother to pick her up.

9.      S.S. waited for her mother on the stairs leading from the first floor of the building up to the second floor.

10.      S.B. was waiting with S.S., but then went back into her unit to get something to eat or drink.

11.      At or around 5 PM, S.S. saw defendants Cummings and Franek—who were dressed in full uniform—standing outside the building through the entrance door.

12.      Cummings and Franek told S.S. to open the door and she complied with the request.

3

13.    Cummings and Franek arrived at the apartment building to respond to a call from S.B.'s grandmother, who had called the police to report that she found a gun in S.B.'s younger sister's purse.

14.    Neither S.S. nor S.B. knew that S.B.'s grandmother had called the police when Cummings and Franek arrived.

15.    Cummings and Franek ordered S.S. to walk upstairs.

16.    S.S. complied with the request.

17.    S.B., who had left her unit to rejoin S.S. and saw S.S. walking up the stairs with Cummings and Franek, asked the officers why they needed to go upstairs.

18.    One of the officers told S.B. to "shut the fuck up" and put his hands on S.B.

19.    S.S. asked the officer why he felt compelled to use profanity and put hands on S.B.

20.    One of the officers responded by telling S.S. to "shut the fuck up" and pushing her.

21.    S.S. asked the officer why he pushed her.

22.    One of the officers then grabbed S.S., roughly twisted her left arm behind her back, and roughly threw her to the ground face first.

23.    One of the officers placed his body on top of S.S., who was lying face down on the floor, while the other officer roughly kicked her about her head and body.

4

24.   The officer's actions caused S.S.'s right arm to become trapped underneath her body.

25.   S.B.'s grandmother observed the officers beating S.S. up.

26.   S.B.'s grandmother told the officers that S.S. had not done anything wrong and pleaded for them to stop.

27.   The officers ignored S.B.'s grandmother's pleas and continued to beat up S.S.

28.   The officers put S.S. in handcuffs and pushed her into the back seat of a squad car.

29.   The officers transported S.S. to the detention center for processing.

30.   S.S. was eventually released later that night.

31.   S.S. did not resist arrest at any time relevant to this action.

32.   S.S. was cooperative with the officers at all times relevant to this action.

33.   Defendants' conduct caused S.S. to suffer injuries.

34.   S.S. sought treatment for her injuries at Hennepin County Medical Center the next day.

35.   S.S.'s health care providers diagnosed her with a right wrist sprain, strain of right trapezius muscle, a right shoulder strain, and a facial contusion.

36.   S.S. has worn splint or a case on her wrist since the incident through commencement of this lawsuit.

5

37.    As of the date of commencement of this lawsuit, S.S. has not been charged with any crimes in connection with these events.

**COUNT I**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST AND UNLAWFUL SEIZURE**

38.    Plaintiffs restate the allegations contained in the preceding paragraphs as though fully incorporated herein.

39.    Defendants proximately caused S.S.'s arrest and detention.

40.    Defendants lacked probable cause or reasonable suspicion to arrest and detain S.S.

41.    Defendants lacked a reasonable belief of probable cause or reasonable suspicion to arrest and detain S.S.

42.    Defendants were acting under color of state law when they caused S.S.'s arrest and detention.

43.    Defendants' actions and omissions caused S.S. to suffer a violation of her Fourth Amendment rights.

44.    At the time of S.S.'s arrest, it was clearly established that it is unconstitutional to authorize or execute an arrest or detention absent probable cause or reasonable suspicion.

45.    S.S. suffered harm and damages as a result of Defendants' denial of her constitutional rights.

6

**COUNT II**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE**

46.     Plaintiffs restate the allegations contained in the previous paragraphs as if fully incorporated herein.

47.     Defendants used force against S.S. while effectuating a seizure of her.

48.     The amount of force Defendants used while seizing S.S. was unreasonable under the circumstances.

49.     Defendants were acting under color of state law when they used unreasonable force while seizing S.S.

50.     Defendants' actions and omissions caused S.S. to suffer a violation of her Fourth Amendment rights.

51.     At the time of the events giving rise to this action, it was clearly established that it is unconstitutional to use unreasonable force, as Defendants used against S.S., to effectuate a seizure.

52.     S.S. suffered harm as a result of Defendants' denial of her constitutional rights.

**COUNT III**
**INFLICTION OF EMOTIONAL DISTRESS**

53.     Plaintiffs restate the preceding paragraphs as though fully stated herein.

54.     By Defendants' aforementioned wrongful conduct and/or failure to act, Defendants engaged in a pattern of unlawful conduct that caused S.S. to

7

suffer severe emotional distress and trauma that no reasonable person could be expected to endure.

55.     The course of Defendants' conduct was so extreme and outrageous that it goes beyond all possible bounds of decency and is utterly intolerable in a civilized society.

56.     Defendants, by their extreme and outrageous conduct complained of herein, intentionally and/or recklessly caused severe emotional distress to S.S.

57.     S.S. has suffered injuries as a result of the severe emotional distress caused by Defendants, in an amount to be proven at trial.

## COUNT IV
## BATTERY

58.     Plaintiffs restate the preceding paragraphs as though fully stated herein.

59.     The officers harmfully touched S.S.

60.     The officers' actions were objectively unreasonable and actually and proximately caused S.S. to suffer harm.

## JURY DEMAND

61.     Plaintiffs demand a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court:

1.     Enter judgment in Plaintiffs' favor on their claims against

        Defendants in an amount exceeding $50,000, the exact amount to

        be proven at trial;

8

2.     Declare that Defendants' conduct, as set forth above, violated 42
       U.S.C. § 1983.

3.     Award Plaintiffs damages to compensate S.S. for the injuries she
       suffered as a result of Defendants' unlawful conduct;

4.     If Defendants remove this case to federal court, award Plaintiffs
       punitive damages with respect to their claims under federal law,
       the exact amount to be proven at trial;

5.     Grant Plaintiffs leave to amend the Complaint to include a claim
       for punitive damages with respect to their claims under state law,
       the exact amount to be proven at trial;

6.     Award Plaintiff reasonable expenses incurred in this litigation,
       including attorney and expert fees, pursuant to 42 U.S.C. § 1988;

7.     Grant Plaintiffs all statutory relief to which they are entitled;

8.     Grant Plaintiffs leave to amend this Complaint to supplement any
       factual deficiencies or otherwise address any pleading deficiencies
       herein; and

9.     Grant any other relief the Court deems just and equitable.

Dated:  March 26, 2013

Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

10

## **ACKNOWLEDGEMENT REQUIRED BY MINN. STAT. § 549.211**

Plaintiffs, through undersigned counsel, acknowledge that sanctions, attorneys' fees, and witness fees may be imposed under Minn. Stat. § 549.211.

Dated:  March 26, 2013

_____
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
Tim M. Phillips (#390907)
tphillips@jrwilliamslaw.com
3249 Hennepin Avenue S, Suite 216
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

**ATTORNEYS FOR PLAINTIFF**

11