| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |
| S.S., by and through her legal guardian and parent, Phaedra Singleton, | Case Type: Civil Rights |
| | Court File No.: |
| Plaintiff, | |
| v. | JOINT ANSWER OF DEFENDANTS CUMMINGS, FRANEK AND CITY OF MINNEAPOLIS |
| Brian Cummings, Kevin Franek, and City of Minneapolis, | |
| Defendants. | |

For their Answer to Plaintiff's Complaint, Defendants Brian Cummings, Kevin Franek, and the City of Minneapolis (collectively "Defendants") state and allege as follows: Except as admitted or otherwise pled herein, these Defendants deny each and every allegation, matter, and thing in Plaintiff's Complaint and put the Plaintiff to her strict burden of proof. Defendants:

## INTRODUCTION

State that these allegations require no responsive pleadings.

## THE PARTIES

1. Are without sufficient information to admit or deny the allegations in paragraph 1 of the Complaint.

2. Are without sufficient information to admit or deny the allegations in paragraph 2 of the Complaint.

3. Admit the allegations in paragraph 3 of the Complaint.

4. Admit the factual allegations in paragraph 4, but deny that Defendants are liable under any theory.

## JURISDICTION AND VENUE

5. Admit the allegations in paragraph 5 of the Complaint.

## GENERAL ALLEGATIONS

6. Are without sufficient information to admit or deny the allegations in paragraph 6 of the Complaint.

7. Admit upon information and belief the allegations in paragraph 7 of the Complaint.

8. Are without sufficient information to admit or deny the allegations in paragraph 8 of the Complaint.

9. Are without sufficient information to admit or deny the allegations in paragraph 9 of the Complaint.

10. Are without sufficient information to admit or deny the allegations in paragraph 10 of the Complaint.

11. Admit the allegations in paragraph 11 of the Complaint.

12. Admit the allegations in paragraph 12 of the Complaint.

13. Admit the allegations in paragraph 13 of the Complaint.

14. Are without sufficient information to admit or deny the allegations in paragraph 14 of the Complaint.

15. Deny the allegations in paragraph 15 of the Complaint.

16. Deny the allegations in paragraph 16 of the Complaint.

17. Admit that S.B. spoke to the officers, but deny the allegation as pled in paragraph 17 of the Complaint.

18. Deny the allegation in paragraph 18 of the Complaint that an officer told S.B. to "shut the fuck up." Admit the allegation that an officer did touch S.B.

19. Deny the allegations in paragraph 19 of the Complaint.

20. Deny the allegations in paragraph 20 of the Complaint.

21. Deny the allegations in paragraph 21 of the Complaint.

22. Deny the allegations in paragraph 22 of the Complaint.

23. Admit the allegations in paragraph 23 of the Complaint that officers were trying to control S.S.'s movements as she fought them and refused to comply with their commands, and that their efforts to control S.S. included placing weight on S.S.'s body. An officer delivered a single kick to S.S.'s torso to get her handcuffed. Deny the balance of the allegations in paragraph 23 of the Complaint.

24. Deny the allegations in paragraph 24 of the Complaint.

25. Deny the allegations in paragraph 25 of the Complaint.

26. Deny the allegations in paragraph 26 of the Complaint.

27. Deny the allegations in paragraph 27 of the Complaint.

28. Admit the allegations in paragraph 28 of the Complaint, but deny that they happened in the sequence described.

29. Deny the allegations in paragraph 29 of the Complaint.

30. Are without sufficient information to admit or deny the allegations in paragraph 30 of the Complaint.

31. Deny the allegations in paragraph 31 of the Complaint.

32. Deny the allegations in paragraph 32 of the Complaint.

33. Deny the allegations in paragraph 33 of the Complaint.

34. Are without sufficient information to admit or deny the allegations in paragraph 34 of the Complaint.

35. Are without sufficient information to admit or deny the allegations in paragraph 35 of the Complaint.

36. Are without sufficient information to admit or deny the allegations in paragraph 36 of the Complaint.

37. Are without sufficient information to admit or deny the allegations in paragraph 37 of the Complaint.

## COUNT 1
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – FALSE ARREST AND UNLAWFUL SEIQURE

38. The foregoing responses are repeated herein.

39. Deny the allegations in paragraph 39 of the Complaint.

40. Deny the allegations in paragraph 40 of the Complaint.

41. Deny the allegations in paragraph 41 of the Complaint.

42. Admit the allegations in paragraph 42 of the Complaint.

43. Deny the allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint are legal conclusions to which no responsive pleading is required.

45. Deny the allegations in paragraph 45 of the Complaint.

## COUNT II
## DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C.§1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – EXCESSIVE FORCE

46. The foregoing responses are repeated herein.

47. Admit the allegations in paragraph 47 of the Complaint.

48. Deny the allegations in paragraph 48 of the Complaint.

49. Admit that Defendants were acting under color of state law when they seized S.S., but deny they used unreasonable force, as alleged in paragraph 49 of the Complaint.

50. Deny the allegations in paragraph 50 of the Complaint.

51. Deny that force used was unreasonable; the balance of the allegations in paragraph 51 of the Complaint are legal conclusions to which no responsive pleading is required.

52. Deny the allegations in paragraph 52 of the Complaint.

## COUNT III
## INFLICTION OF EMOTIONAL DISTRESS

53. The foregoing responses are repeated herein.

54. Deny the allegations in paragraph 54 of the Complaint.

55. Deny the allegations in paragraph 55 of the Complaint.

56. Deny the allegations in paragraph 56 of the Complaint.

57. Deny the allegations in paragraph 57 of the Complaint.

## COUNT IV
## BATTERY

58. The foregoing responses are repeated herein.

59. Deny the allegations in paragraph 59 of the Complaint.

60. Deny the allegations in paragraph 60 of the Complaint.

## JURY DEMAND

61. Admit that Plaintiff demands a jury trial; deny that Plaintiff's claims have any merit.

## AFFIRMATIVE DEFENSES

1. Affirmatively allege that Plaintiff's claim fails for improper service of process.

2. Affirmatively allege that Defendants are immune under the doctrine of qualified immunity.

3. Affirmatively allege that Defendants are immune under the doctrine of official immunity and vicarious official immunity.

4. Affirmatively allege that Plaintiff's Complaint fails to state a claim upon which relief can be granted.

5. Affirmatively allege that Plaintiff's injuries or damages, if any, were caused, contributed to, or brought about by Plaintiff's unlawful or illegal acts.

6. Plaintiff's injuries and damages, if any, were caused, contributed to, or brought about by Plaintiff's own intentional or negligent acts or the actions of those over whom the Defendants exercises no right of control and for whose actions Defendants are not legally responsible.

7. Affirmatively allege that if Plaintiff suffered any injuries or damages as a result of the occurrence alleged in his Complaint, then said alleged injuries or damages were caused or contributed to by an unavoidable event outside of the control of these Answering Defendants.

8. Affirmatively allege that Plaintiff's injuries and damages, if any, were caused, contributed to, or worsened by Plaintiff's failure to mitigate alleged injuries and/or damages.

9. Affirmatively allege that Plaintiff has no any right to attorney's fees or other expenses in this action.

10. Affirmatively allege that Defendants' liability, if any, is limited by Minn. Stat. Chapter 466, including, without limitation, Minn. Stat. § 466.04.

11. Affirmatively allege that the City of Minneapolis is a municipality and, therefore, immune from punitive damages.

12. Affirmatively allege that the acts upon which the Complaint is made were privileged, were based upon probable cause to believe that Plaintiff had committed a criminal offense, were commanded or authorized by law, and were done in a reasonable and lawful manner under the circumstances, such that Defendants are immune from liability in this action.

13. Affirmatively allege that the use of force, if any, was privileged under the common law and/or under Minn. Stat. § 609.06

14. Affirmatively allege that at all times material to the Complaint, they were governmental officials performing discretionary functions in the scope of their official duties and acting in objective good faith, with a reasonable basis to believe that the actions taken, if any, were lawful and justified, such that they have qualified immunity from any liability in this action.

15. Affirmatively allege that they are immune from liability under the provisions of Minn. Stat. § 466.03, subd. 5.

16. Defendants reserve the right to assert any and all affirmative defenses that become available to them as the facts of this case develop and discovery is taken and received.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed and that Defendants recover their costs and disbursements herein, together with any relief deemed just and equitable under the law.

Dated:  April 16, 2013

SUSAN L. SEGAL
Minneapolis City Attorney
By

s/ *Sara J. Lathrop*
SARA J. LATHROP (0310232)
SARAH C.S. McLAREN (345878)
Assistant City Attorneys
City Attorney's Office
City Hall, Room 210
350 South 5th Street
Minneapolis, MN  55415
Attorneys for Defendants
612-673-2072

## ACKNOWLEDGMENT

Pursuant to Minn. Stat. §549.21, the undersigned acknowledges that costs, disbursements, and reasonable attorney and witness fees may be awarded to the opposing party or parties for actions in bad faith; the assertion of a claim or a defense that is frivolous and that is costly to the other party; the assertion of an unfounded position solely to delay the ordinary course of the proceedings or to harass; or the commission of a fraud upon the court.

Dated:  April 16, 2013

SUSAN L. SEGAL
City Attorney


By:  s/ *Sara J. Lathrop*
     Assistant City Attorney